IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Barry Norris, ) | |
| ) | Civil Action No. 6:08-3721-HFF-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Sealed Air Corporation, ) | |
| ) | |
| Defendant. ) | |

       This matter is before the court on the defendant's partial motion to dismiss. The plaintiff, who is represented by counsel, alleges four causes of action against his former employer: (1) violation of civil rights due to racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000 *et seq*.); (2) violation of public policy; (3) hostile work environment and wrongful discharge in violation of public policy of South Carolina, the South Carolina Human Affairs Act, and Title VII; and (4) retaliation in violation of Title VII.

       Pursuant to the provisions of Title 28, United States Code, Section 636 (b)(1)(A), and Local Rule 73.02 (B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

       Cryovac, a wholly-owned subsidiary of Sealed Air Corporation, owns and operates a manufacturing facility located in Simpsonville, South Carolina. The plaintiff was employed at the defendant's Simpsonville facility from December 7, 1998, to September 29, 2006 (comp. ¶ 12). The plaintiff, a Caucasian male, married an African-American female co-worker while employed by the defendant (comp. ¶ 12). The plaintiff alleges that he was inequitably disciplined and exposed to racial harassment at numerous times throughout his

employment with the defendant based on his marital relationship to an African-American (comp. ¶¶ 14, 21). The plaintiff alleges that he was ultimately discharged on September 29, 2006 "under the guise of 'excessive absenteeism including tardiness, failure to report absence as required'" (comp. ¶¶ 14, 16).

The defendant argues that the plaintiff cannot maintain his state law claims as a matter of law because these claims seek to vindicate rights that are wholly duplicative of those protected by Title VII of the Civil Rights Act of 1964 ("Title VII"). Accordingly, the defendant argues that counts two and three of the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The plaintiff opposes the motion.

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

In the Title VII cause of action, the plaintiff alleges that the defendant violated Title VII "due to the racial discrimination of Plaintiff and preferential treatment to similarly situated employees with Defendant's employ" "based on his marital relationship to an African American woman" (comp. ¶ 20-21). The plaintiff states that as a result of the alleged discrimination "he has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses." The plaintiff's complaint goes on to allege a claim for violation of public policy (count two) (comp. ¶¶ 23-25). In that cause of action, the plaintiff states that "Defendant's wrongful actions as set forth aforesaid, constitutes a violation of a clear mandate of public policy in South Carolina" (comp. ¶ 24). In count two, the plaintiff seeks to recover exactly the same damages that he seeks to

recover in count one ("emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses") (comp. ¶ 25).  The plaintiff"s third cause of action alleges a claim for "Hostile Work Environment and Wrongful Discharge" (comp. ¶¶ 26-29).  In that cause of action, the plaintiff states that "the aforesaid discharge of Plaintiff's employment by the actions of Defendant constitutes a violation of clear mandate of public policy of the State of South Carolina as articulated in the South Carolina Human Rights Act, and in violation of the Title VII of the Civil Rights Act of 1964" (comp. ¶ 28).  In count three, the plaintiff seeks exactly the same damages that he seeks in counts one and two (comp. ¶ 29).

As argued by the defendant, the alleged wrongdoing by the defendant that forms the basis for the public policy claims is the same alleged wrongdoing on which the plaintiff's Title VII and South Carolina Human Affairs Act claims are based.  As a result, based on the plaintiff's own pleadings, he clearly has a potential statutory remedy under both state and federal law for the defendant's alleged wrongdoing.  Accordingly, the defendant argues that based on the holdings in *Dockins v. Ingles Markets*, 413 S.E.2d 18, 19 (S.C. 1992) ("When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. We hold this applies when the right is created by federal law as well as state law."), and *Heyward v. Monroe*, No. 97-2430, 1998 WL 841494, *4 (4th Cir. 1998) (applying *Dockins* to dismiss common law public policy claims when the individual has a statutory remedy for his claim under Title VII), the plaintiff is limited to pursuing any remedy available to him under Title VII and the South Carolina Human Affairs Act, and his duplicative state common law public policy causes of action should be dismissed.  This court agrees.  While the plaintiff distinguishes the *Heyward* case because it was decided on a motion for summary judgment rather than a motion to dismiss, the District of South Carolina has dismissed public policy claims in other cases on motions to dismiss for the exact reason asserted by the defendant

in this case.  *See Nimmons v. RBC Insurance Holdings (USA), Inc.*, No. 6:07-2637-GRA, 2007 WL 4571179, at **1-2 (D.S.C.  Dec. 27, 2007); *Ramsey v. Vanguard Servs., Inc.*, No. 8:07-265-GRA, 2007 WL 904526, at **1-2 (D.S.C. March 22, 2007).

Based upon the foregoing, the defendant's motion for partial dismissal (doc. 6) should be granted dismissing count two and a portion of count three, and the defendant's request for cost and fees should be denied.

s/William M. Catoe
United States Magistrate Judge

January 5, 2009

Greenville, South Carolina